**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Jamesetta NMN Reid** <br> First Name   Middle Name   Last Name | Social Security number or ITIN **xxx–xx–8610** <br> EIN __–_____ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN ____ <br> EIN __–_____ |
| United States Bankruptcy Court | **District of South Carolina** | Date case filed for chapter **13**   **11/1/16** |
| Case number: | **16–05504–jw** | |

## Official Form 309I
## Notice of Chapter 13 Bankruptcy Case                                   12/15

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.) The debtor is required to appear at the Confirmation Hearing unless excused by order of the Court or Chambers Guidelines. Any objection to confirmation of the proposed plan and related motions must be filed and served in compliance with SC LBR 3015-1, SC LBR 9013-3, and SC LBR 9014-1. If objections to confirmation are timely filed, they will be heard at the Confirmation Hearing at the time and place set forth above or at a hearing, separate notice of which will be given by the Court. Objections to confirmation may be overruled if the objecting creditor fails to appear and prosecute the objection. If no objection is timely filed in accordance with SC LBR 3015-1, SC LBR 9013-3 and SC LBR 9014-1, the plan may be confirmed and related motions resolved on recommendation of the trustee. Should this happen, the Confirmation Hearing may be canceled.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Jamesetta NMN Reid | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 112 Romans Place <br> Moncks Corner, SC 29461 | |
| 4. | **Debtor's attorney** <br> Name and address | Wendi M. Freeman <br> Freeman Wine, LLC <br> 1040 eWall Street <br> Mt. Pleasant, SC 29464–3046 | Contact phone 843–849–1900 <br> Email: **None** |
| 5. | **Bankruptcy trustee** <br> Name and address | James M. Wyman <br> PO Box 997 <br> Mount Pleasant, SC 29465–0997 | Contact phone (843) 388-9844 <br> Email: 13info@charleston13.com |
| 6. | **Bankruptcy clerk's office** <br> Documents in this case may be filed at this address. <br> You may inspect all records filed in this case at this office or online at www.pacer.gov. | J. Bratton Davis United States Bankruptcy Courthouse <br> 1100 Laurel Street <br> Columbia, SC 29201-2423 | Hours open 9:00 am – 5:00 pm <br> Contact phone 803–765–5436 <br> Date: 11/2/16 |

**For more information, see page 2**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **December 15, 2016 at 09:00 AM**<br>**The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.** *** Valid photo identification required *** | **Location:**<br>**King and Queen Building, 145 King Street, Room 225, Charleston, SC 29401** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:** You must file:<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 2/13/17** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 3/15/17** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 5/1/17** |
| | **Deadlines for filing proof of claim:**<br>A Proof of Claim is a signed statement describing a creditor's claim. You can obtain a copy of the proof of claim form at the Bankruptcy Clerk's Office in Columbia or through the Court's website at www.scb.uscourts.gov. Please call the Clerk's Office if you have procedural questions about the filing of a proof of claim. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" as set forth above, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the Bankruptcy Court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth above on this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the Court to extend the deadline. You may electronically file claims at www.scb.uscourts.gov/epoc.html. *Do not include this notice with any filing you make with the court.* | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan, Hearing on Confirmation of Plan** | The hearing on confirmation will be held on:<br>**1/5/17** at **09:00 AM**, Location: **King and Queen Building, 145 King Street, Room 225, Charleston, SC 29401.** Pursuant to SC LBR 3015–1, the debtor's attorney or a pro se debtor is required to serve, under separate cover, a copy of the plan on all creditors. SC LBR 3015–1 requires that this plan substantially conform to the form plan set forth in Exhibit A to SC LBR 3015–1. This form plan requires periodic payment (usually monthly) by the debtor to the trustee. This form plan also provides for payment of any unpaid fees owed to the debtor's attorney at a specified percentage of payments made to creditors. This form plan also provides for periodic payment (usually monthly) on the allowed secured claims of some secured creditors, followed by pro rata payment of the allowed amounts of priority claims, and pro rata payment of allowed unsecured claims until a specified percentage of unsecured claims is paid. The plan may contain other provisions which affect the rights of creditors, therefore, the plan itself should be consulted. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. | |
| **14. Dismissal Notice** | This case may be dismissed without further notice or hearing should the debtor fail to comply with SC LBR 1017–2 (providing for dismissal for a failure to: pay the applicable filing fee, file or provide documents, attend the meeting of creditors, or file a chapter 13 plan. If confirmation of a plan is denied, or if payments to the Trustee required by 11 U.S.C. § 1326(a) are not timely made by the debtor, the case may be dismissed without further notice or hearing, at the confirmation hearing). | |
| **15. Miscellaneous Notice** | The Voice Case Information System (VCIS) will give status information on cases filed or converted after 11/30/88. Call 1–866–222–8029. Please refer to the Court's web site at www.scb.uscourts.gov for further information. | |